**RECORD NO. 15-1001**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**KENT STAHLE,**

*Plaintiff – Appellant.*

**v.**

**CTS CORPORATION,**

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHVILLE**

## SUPPLEMENTAL BRIEF OF APPELLANT

**John J. Korzen, Director**
**Kaitlin M. Price, Third-Year Law Student**
**Mackenzie M. Salenger, Third-Year Law Student**
**WAKE FOREST UNIVERSITY SCHOOL OF LAW**
**Appellate Advocacy Clinic**
**Reynolda Station, Post Office Box 7206**
**Winston-Salem, NC 27109**
**(336) 758-5832**

***Counsel for Appellant***

GibsonMoore Appellate Services, LLC
421 East Franklin Street, Suite 230 ♦ Richmond, VA 23219
(804) 249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

ISSUE PRESENTED .......... 1

FACTS .......... 1

ARGUMENT .......... 3

I. Diversity subject-matter jurisdiction exists .......... 3

II. Rule 19 does not require CTS Asheville to be joined .......... 4

III. The Complaint can be deemed amended pursuant to 28 U.S.C. § 1653 .......... 6

CONCLUSION .......... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*CP Solutions PTE, Ltd. v. General Elec. Co.*,
553 F.3d 156 (2d Cir. 2009) ....................5

*Haw River Land & Timber Co. v. Lawyers Title Ins. Corp.*,
152 F.3d 275 (4th Cir. 1998) ....................1

*Jaffe-Spindler Co. v. Genesco, Inc.*,
747 F.2d 253 (4th Cir. 1984) ....................6

*Lincoln Property Co. v. Roche*,
546 U.S. 81 (2005)....................3

*Lone Star Indus., Inc. v. Redwine*,
757 F.2d 1544 (5th Cir. 1985) ....................6

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989)....................6

*Noble Sys. Corp. v. Alorica Cent., LLC*,
543 F.3d 978 (8th Cir. 2008) ....................1

*Philips v. Pitt Cnty. Mem'l Hosp.*,
572 F.3d 176 (4th Cir. 2009) ....................1

*Stan Lee Media, Inc. v. Walt Disney Co.*,
774 F.3d 1292 (10th Cir. 2014) ....................1

*Trans Energy, Inc. v. EQT Prod. Co.*,
743 F.3d 895 (4th Cir. 2014) ....................6

*VFB LLC v. Campbell Soup Co.*,
482 F.3d 624 (3d Cir. 2007) ....................4

*Wood v. Crane Co.*,
764 F.3d 316 (4th Cir. 2014) ....................6

**Statutes:**

28 U.S.C. § 1653 ........................................................................................3, 6

N.C. Gen Stat. § 55-14-08(a)(2) (2015)................................................................4

N.C. Gen. Stat. § 55-14-08 ...................................................................................7

**Rules:**

Fed. R. Civ. P. 19 ...................................................................................3, 4

Fed. R. Civ. P. 19(a)........................................................................................4

Fed. R. Civ. P. 19(a)(1) ....................................................................................4

Fed. R. Civ. P. 19(a)(1)(A) ...............................................................................5

Fed. R. Civ. P. 19(a)(1)(B) ...............................................................................5

Fed. R. Civ. P. 19(b) ....................................................................................5, 6

Fed. R. Evid. 201(d)..........................................................................................1

**Other Authorities:**

N.C. Dep't of the Sec'y of State, *Certificate of Completed Liquidation*, file:///C:/Users/prickm9/Downloads/DestructionFiling_ 000404062_14a2ef22f08a4830ab8e5faf7bd0db54.pdf..................................2

N.C. Dep't of the Sec'y of State, *Filings for: CTS Corporation*, http://www.secretary.state.nc.us/Search/filings/4647467 ...............................2

N.C. Dep't of the Sec'y of State, *Filings for: CTS of Asheville*, http://www.secretary.state.nc.us/ Search/filings/4883117 ..............................2

Register of Deeds, *1986 North Carolina Non-WarrantyDeed*, http://registerofdeeds.buncombecounty. org/External/LandRecords/protected/v4/SrchName.aspx ...............................2

Virginia Harper Ho, *Theories of Corporate Groups: Corporate Identity Reconceived*,
42 Seton Hall L. Rev. 879 (2012)....................................................................4

## ISSUE PRESENTED

Given that the complaint alleges tortious conduct only on the part of CTS of Asheville, Inc. and does not allege that appellee CTS Corporation took any action or omission giving rise to appellant Stahle's claim, does the Court have subject-matter jurisdiction over this appeal?

## FACTS

The Complaint alleges that CTS of Asheville, Inc. ("CTS Asheville") dumped large quantities of toxins into Dingle Creek, which originated on its property and ran through the property where Plaintiff lived. JA 9 ¶¶ 12-14. The Complaint notes that CTS Asheville was dissolved in 1983. JA 7-8 ¶ 6. The Complaint states a claim of Negligence against Defendant, CTS Corporation ("CTS Corp."), JA 10-12 ¶¶ 17-24, without alleging that CTS Corp. owned CTS Asheville and has succeeded to the liabilities of the dissolved subsidiary.

Stahle asks the Court to take judicial notice of the following facts regarding CTS Corp.'s ownership of CTS Asheville.[1] In a Western District of North Carolina action, *American Motorists Ins. Co. v. CTS Corp.*, Case No. 1:03cv222, CTS admitted the allegation that "CTS formerly owned a subsidiary, CTS Asheville,

---

[1] Federal Rule of Evidence 201(d) provides that "judicial notice may be taken at any step of the proceeding." This Court "may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pleadings in other courts are matters of public record. *See, e.g.*, *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014). Secretary of State and Register of Deeds filings are public records. *See, e.g.*, *Haw River Land & Timber Co. v. Lawyers Title Ins. Corp.*, 152 F.3d 275, 282 (4th Cir. 1998); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

Inc., which was a North Carolina corporation with its headquarters and principal place of business in Asheville, North Carolina." *See* Docket No. 1 ¶ 3; Docket No. 7 ¶ 3. CTS Corp. further stated that "CTS Asheville, Inc. was dissolved in approximately 1983 and, hence, CTS of Asheville, Inc. no longer exists as a separate corporate entity." Docket No. 7 ¶ 3. One month before CTS Asheville filed its Articles of Dissolution with the N.C. Secretary of State, CTS Corp. filed an application to be licensed to operate a business in North Carolina. N.C. Dep't of the Sec'y of State, *Filings for: CTS of Asheville*, http://www.secretary.state.nc.us/Search/filings/4883117; N.C. Dep't of the Sec'y of State, *Filings for: CTS Corporation*, http://www.secretary.state.nc.us/Search/filings/4647467. In 1986, CTS Asheville conveyed the 66.4 acre plant site to CTS Corp. and reported no excise taxes, indicating that no money changed hands. *See* Register of Deeds, *1986 North Carolina Non-WarrantyDeed*, http://registerofdeeds.buncombecounty.org/External/LandRecords/protected/v4/SrchName.aspx. Then, on April 24, 1987, CTS of Asheville filed a certificate of completed liquidation with the North Carolina Secretary of State, which indicated that all property had been distributed among its shareholders. *See* N.C. Dep't of the Sec'y of State, *Certificate of Completed Liquidation*, file:///C:/Users/prickm9/Downloads/DestructionFiling_000404062_14a2ef22f08a4830ab8e5faf7bd0db54.pdf.

## ARGUMENT

Stahle contends that (I) diversity subject-matter jurisdiction exists; (II) Rule 19 does not require CTS Asheville to be joined; and (III) the Complaint can be deemed amended per 28 U.S.C. § 1653 to cure any deficiency in the allegations.

### I. Diversity subject-matter jurisdiction exists.

The parties are diverse, and the required amount in controversy is met. Stahle is a North Carolina citizen alleging damages exceeding $75,000. J.A. 6-7 pp 1, 3. CTS Corp. is a citizen of Delaware and Indiana, where it is incorporated and has its principal place of business. *See* J.A. 23 p 2. While the Complaint alleges conduct by CTS Asheville, a court reviewing diversity jurisdiction should base its analysis on whether there is complete diversity between the named parties, not on whom it believes should be a party. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 93 (2005). A plaintiff is the master of his complaint and may choose which parties to sue, subject only to joinder of necessary parties rules. *Id.* at 91, 93. Courts should address perceived issues regarding the named parties only if a party was sued to "manufacture" diversity. *Id.* at 93.

Here, because CTS Corp. owned CTS Asheville, which is now dissolved, it is a proper defendant and was not named to "manufacture" diversity. The North Carolina Business Corporation Act provides that "a claim [against a dissolved corporation] may be enforced . . . against a shareholder of the dissolved

corporation." N.C. Gen Stat. § 55-14-08(a)(2) (2015). As the owner of CTS Asheville, CTS Corp. was a shareholder. *See, e.g.*, *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 635 (3d Cir. 2007) ("a wholly-owned subsidiary has only one shareholder, i.e., the parent corporation"); Virginia Harper Ho, *Theories of Corporate Groups: Corporate Identity Reconceived*, 42 Seton Hall L. Rev. 879, 904 (2012) ("the immediate parent corporation is a shareholder"). Therefore, under N.C. Gen. Stat. § 55-14-08(a)(2), claims against CTS Asheville may be made against CTS Corp. Thus, CTS Corp. is a real party in interest and was not named to manufacture diversity. Accordingly, diversity subject-matter jurisdiction exists.

## II. Rule 19 does not require CTS Asheville to be joined.

Federal Rule of Civil Procedure 19(a), "Persons Required to be Joined if Feasible," defines a "required party" as one "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). Here, CTS Asheville is not a "required party" as defined by Rule 19, because joinder of it, a dissolved North Carolina corporation, would apparently deprive the court of diversity subject-matter jurisdiction.

In addition, Rule 19(a) only requires joinder of a party if: in its absence, the court cannot accord complete relief among the existing parties; or the absent party claims an interest in the litigation and resolving the action in the party's absence might impair that party's ability to protect its interest or leave an existing party

subject to a substantial risk of incurring double or otherwise inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1)(A)-(B). None of those requirements is present. The court can afford complete relief to the existing parties, Stahle and CTS Corp., and CTS Asheville claims no interest in the litigation.

Even if CTS Asheville were a required party that could not be feasibly joined, the Rule 19(b) factors favor allowing this action to proceed in federal court. *See* Fed. R. Civ. P. 19(b). First, a judgment in CTS Asheville's absence would prejudice no one. CTS Asheville is dissolved and without assets, and CTS Corp. adequately represents any interests it may have. *See CP Solutions PTE, Ltd. v. General Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009) (Rule 19(b) prejudice not established when party to be dropped was dissolved subsidiary with no assets and parent "could champion its interest"). Next, a judgment in CTS Asheville's absence is adequate because it is more efficient to retain this case "in federal court than to send the parties to state court for a do-over." *Id.* In short, "It would make little sense to require [the existing parties] to start over in state court simply because an asset-less, dissolved subsidiary of a diverse defendant cannot be joined in federal court." *Id.* Stahle might theoretically proceed against both CTS Corp. and the dissolved CTS Asheville in state court, but that final consideration of Rule 19(b) is "far outweighed" by the harm to Stahle and judicial economy resulting from dismissal. *Id.* at 161. Moreover, adding CTS Asheville as a party in state

court would not make Stahle's remedy any more adequate than his remedy against CTS Corp. alone. *See Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1548-49 (5th Cir. 1985) (dissolved corporation was not indispensable party under Rule 19(b) in part because adding it would not make judgment any more adequate).

**III. The Complaint can be deemed amended pursuant to 28 U.S.C. § 1653.**

Congress has provided that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Under § 1653, courts may "remedy inadequate jurisdictional allegations." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Section 1653 addresses "incorrect statements about jurisdiction that actually exists." *Id.* at 831. Section 1653 "allows for the curing of jurisdictional pleading defects on appeal." *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014); *see also Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) (§ 1653 "is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction").

Counsel for Stahle apologize, assure the Court their failure to allege the relationship between CTS Corp. and CTS Asheville was not done to manufacture jurisdiction, and ask the Court to take judicial notice of the additional facts set out on pages 1-2. If the Court believes that judicial notice is insufficient, Stahle asks the Court to deem the Complaint amended. *See Jaffe-Spindler Co. v. Genesco, Inc.*, 747 F.2d 253, 255 n.1 (4th Cir. 1984) (amending a complaint after diverse

citizenship was established at oral argument because "we have before us merely a defective allegation of jurisdiction which can be, and hereby is, *amended by interlineation in the Complaint*") (emphasis added).

Here, for example, Paragraph 6 of the Complaint, found on pages 7-8 of the Joint Appendix, could be amended by adding the following italicized allegation:

> CTS of Asheville, Inc. was a corporation existing under the laws of the State of North Carolina formed on or about April 16, 1959, and was dissolved on December 29, 1983. The former facility is located on Mills Gap Road, Asheville, N.C. *Defendant owned CTS of Asheville, Inc. and, pursuant to N.C. Gen. Stat. § 55-14-08, Plaintiff's claim against CTS of Asheville, Inc. may be enforced against Defendant.*

If the Complaint were amended in this or a similar way, any technical deficiency in pleading diversity subject-matter jurisdiction would be cured.

**CONCLUSION**

For the reasons discussed herein, Stahle asks the Court to conclude that it has diversity subject-matter jurisdiction over this appeal.

Respectfully submitted this the 11th day of August 2015.

/s/ John J. Korzen
John J. Korzen, Director
Kaitlin M. Price, Third-Year Law Student
Mackenzie M. Salenger, Third-Year Law Student
Wake Forest University School of Law
Appellate Advocacy Clinic
P.O. Box 7206 Reynolda Station
Winston-Salem, NC 27109-7206
(336) 758-5832

**CERTIFICATE OF COMPLIANCE**
**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the July 28, 2015 Order directing supplemental briefing because:

   this brief contains seven pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: August 11, 2015

/s/ John J. Korzen
John J. Korzen

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 11, 2015, I electronically filed the foregoing Supplemental Brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all Counsel of Record.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/Melissa A. Dockery
Melissa A. Dockery
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219